UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARK CHRISSOVERGES** | * | **CIVIL ACTION NO.:** |
| | * | |
| **VERSUS** | * | **DISTRICT JUDGE:** |
| | * | |
| **CITY OF NEW ORLEANS and** | * | **MAGISTRATE JUDGE:** |
| **DONALD MOORE** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY**

NOW INTO COURT, through undersigned counsel, comes plaintiff Mark Chrissoverges (hereinafter "Plaintiff"), who pleads the following:

### I.   PARTIES AND CITIZENSHIP

1.

Plaintiff Mark Chrissoverges, a person over the age of eighteen (18) years and a citizen of the State of Florida.

2.

Defendants herein are:

a. Donald Moore, a person over the age of eighteen (18) years, who is domiciled in Orleans Parish, State of Louisiana being sued individually and in his official capacity as officer of the New Orleans Police Department.

b. City of New Orleans, who upon information and belief is a municipality organized under the laws of the State of Louisiana which manages, directs and controls the New Orleans

Police Department (hereinafter "NOPD"). At all material times Donald Moore was an employee of the NOPD.

## II. JURIDICTION

### A. DIVERSITY JURISDICTION UNDER 28 U.S.C. 1332(a)

3.

Diversity is proper under 28 U.S.C. §1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000, excluding interest and costs. According to 28 U.S.C. §1332(a), this Honorable Court maintains "original juridiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between… citizens of different States."

4.

Plaintiff is a citizen of and domiciled in the State of Florida.

5.

To the best of knowledge and belief, Defendant Donald Moore is a resident of the Parish of Orleans, State of Louisiana, and so domiciled.

6.

The City of New Orleans is a municipality organized and incorporated under the laws of the State of Louisiana and located within this State.

7.

Since Plaintiff is a citizen of the State of Florida and all other Defendants are citizens of different states from Plaintiff, complete diversity exists between the parties to this action.

8.

Plaintiff's damages exceed $75,000, exclusive of interests and costs.

### B. FEDERAL QUESTION AND CIVIL RIGHTS JURISDICTION

9.

Under 28 U.S.C. §1332, this District Court has "…original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States." The allegations implicate due process under the U.S. Constitutional Amendments IV, V, VII, and XIV, combined with relevant federal civil rights statutes, identified in Paragraphs 11 and 12. Therefore, this Court has original jurisdiction over all such claims.

10.

This Court has original subject matter jurisdiction over this litigation pursuant to 28 U.S.C. §1331, 1343, and supplemental jurisdiction over all state law claims pursuant to 28 USC §1367.

11.

Plaintiff further invokes jurisdiction pursuant to the provisions of 42 U.S.C. §1983, 1985, and 1988.

### III.  VENUE

12.

Venue is proper pursuant to 28 USC §1391 because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in the territory of the U.S. District Court for the Eastern District of Louisiana, namely in the Parish of Orleans, State of Louisiana.

13.

Venue is also proper pursuant to 28 USC §1391 because at least one defendant resides within this district and all defendants are residents of the State of Louisiana.

### IV.  ALLEGATIONS

14.

At all material times, Defendant Donald Moore was a Lieutenant of the 7th District of the New Orleans Police Department, responsible for his actions as a law enforcement officer and to ensure the public remain free from unlawful violations of their civil rights and rights under Louisiana law. At all times material hereto, Defendant Moore and those under his supervision and control were acting under the color of law or contrary to the law, while in the course and scope of their employment with the New Orleans Police Department. As such Defendants, their

employees, and their agents were acting with special authority attributable to their government position and office. Furthermore, they possessed special obligations for the safety of the community and those under their care and control, as well as the fair and equal administration of justice.

15.

At all material times, Defendant City of New Orleans was is a municipality organized under the laws of the State of Louisiana which managed, directed, and controlled the New Orleans Police Department.

16.

At all material times the New Orleans Police Department sponsored, participated in, directed, and/or maintained responsible for a community program New Orleans Police Explorers (hereinafter "the Explorers") for minor children of New Orleans, over whom they maintained custodial control, responsibility, and substantial influence.

17.

In approximately 1982, Plaintiff was a minor and Plaintiff joined the Explorers, which, at all material times, was run, directed, managed, and controlled by Lieutenant Donald Moore.

18.

Stanley Burkhardt is a former NOPD detective and former head of the Juvenile Sex Crimes Unit, who was discovered to himself be a predatory pedophile.

19.

In July of 2019, Plaintiff was watching a local television news program when an image of Stanley Burkhardt appeared on the screen. Burkhardt's image triggered Plaintiff's repressed memories of being interviewed by Burkhardt in connection with a criminal investigation of Defendant (and then-Lieutenant) Donald Moore.

20.

At the sight of Stanley Burkhardt, Plaintiff was suddenly flooded with memories of being sexually abused over a months-long period by Defendant Moore. These acts constituted an abuse of power by an officer of the law.

21.

The initial recall of Plaintiff's memories included seeing Defendant Moore perform fellatio on him; measuring and commenting on the length of Plaintiff's penis; trips to a Mississippi park where Defendant Moore masturbated Plaintiff; and, a "game" with other Explorers at a grocery store, where Defendant Moore taught the children to yank down each others' pants. Plaintiff could not sleep the night he started recovering memories. For several days, the mental images and recovered memories continued as did nightmares and intense, frightening dreams about Defendant Moore.

22.

Since the initial rush of memories flooded his consciousness, Plaintiff has remembered more details such as Defendant Moore having supplied Plaintiff (and other Explorers) with alcohol and marijuana; Defendant Moore bragging to Plaintiff about another minor: "I made [the minor] cum last night"; the "game" with other Explorers having taken place at the Delchamps on Reed Road; and, abuse having taken place at Defendant Moore's house, which was just five

blocks from Plaintiff's childhood home in New Orleans East.  To date, Plaintiff has recollected monthly abuse by Defendant Moore spanning roughly an 18-month period, which commenced shortly after Plaintiff joined the NOPD Explorers.  At the time, Plaintiff was a minor.

23.

Laird Munsch is another former officer and employee of the NOPD who participated in the Explorer Program, including travel to Mississippi to camp with Plaintiff, Defendant Moore, and other minor program participants.  Munsch provided alcohol to Plaintiff and other Explorers and was close to Defendant Moore.

24.

Laird Munsch either knew or had reason to know of Defendant Moore's abuse of Plaintiff and, possibly, of others in the Explorer Program. Yet, Munsch took no steps to protect Plaintiff or the other minors.

25.

Plaintiff told a friend in the Explorer Program about Moore's abuse and the friend reportedly notified a police officer named "Don."  Stanley Burkhardt was tasked with investigating the matter and interviewed Plaintiff.  During this time, a protective detail was assigned to protect Plaintiff.

26.

Defendant Moore was arrested but, upon information and belief, was never punished for his depraved sexual abuse of Plaintiff.  The investigator Burkhardt, himself, was eventually convicted and incarcerated for extensive sexual abuse of children.

27.

The original psychological pressures employed by Defendant Moore and the ongoing sexual abuse as a child led Plaintiff to block memories of the abuse and to develop dissociative amnesia. Plaintiff had no recall of Defendant Moore's abuse at the time he reached the age of majority and did not recover memories of the abuse until July of 2019 when he saw Burkhardt's image on a newscast.

### V.     CAUSE OF ACTION UNDER 42 USC §1983, 1985, 1988 AND U.S. CONSTITUIONAL AMENDMENTS IV, V, VIII, and XIV

28.

Plaintiff reiterates the allegations of paragraphs 1-27.

29

At all material times, Defendants, their employees, and/or their agents were acting under color of law and in the course and scope of their employment.

30.

Plaintiff alleges that the acts and/or omissions of Defendants, constituting negligence, recklessness, and gross negligence described herein were proximately and legally caused by Defendants' failures, which include but are not limited to the following causes of action/theories of liability:

a. Intrusion on personal integrity;
b. Abuse of official power and authority;

c. Creation of and/or contribution to the dangerous situation involving a substantial risk of harm;

d. Violations involving the special relationship created by the custodial circumstance, supervision, and authority inherent in the activities of the officers as participants, directors, and managers of the Explorer program

e. Deliberate indifference to the safety of Plaintiff and others with knowledge of the potential danger that shocks the conscience;

f. Failure to take obvious steps to avoid or address the known danger over a protracted period of opportunity;

g. Failure to adhere to departmental policies and procedures;

h. Failure to administer policies/procedures;

i. Negligent hiring;

j. Failure to train;

k. Failure to supervise;

l. Creating a situation involving substantial risk of harm;

m. Violation of the special relationship created with officers by children's participation in the New Orleans Police Department's Explorer Program;

n. Failure to terminate;

o. Failing to protect Plaintiff from harm;

p. Failing to have sufficient policies and procedures to prevent abuse of minors by their agents and/or employees, especially those engaged in the Explorer Program;

q. Failing to warn Plaintiff and his family of the risk of sexual abuse by Defendant Moore;

r. Failing to have adequate security measures and policies in effect that would prevent the sexual abuse of a minor by their agents and/or employees, especially minors enrolled in the NOPD's Explorer Program

s. Failing to adequately investigate claims of sexual abuse of minors by their agents and/or employees;;

t. Failing to apply common sense, and negligently exposing minors (particularly, those in the NOPD's Explorer Program) to unreasonably dangerous situations, including the sexual abuse of a minor at the hands of one of their agents and/or their employees;

u. Failing to have sufficient information about its agents and/or employees as to whether they could safely work with their institutions, including the Explorer Program, and around minor children;

v. Failing to provide adequate and appropriate training to its personnel to recognize the risks of sexual abuse of minors by their agents and/or employees;

w. Failing to take any and all acts and/or to act in a way(s) that could have prevented and avoided the sexual abuse described above, which amounts to gross negligence;

x. Failing to discharge and relieve Defendant Moore of his position and authority when they knew or should have known of his sexual abuse of minors and his deviant proclivities;

y. Failing to train and educate its employees to identify signs of child sexual abuse by fellow employees;

z. Failing to limit, supervise, or monitor in any way the activities and programs engaged in by Defendant Moore; and

aa. Failing to routinely screen its agents and employees to avoid the risk of sexual abuse with minors when they knew or should have known of the risks that their agents and/or employees would have or had had improper contact with minor children.

31.

Defendants, their agents, and employees, while acting under color of law and in the course and scope of their employment, violated and/or deprived Plaintiff of his civil rights under 42 USC §1983, 1984, and 1988, and of due process under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, including, but not limited to his Fourth Amendment right to be free from unreasonable searches and seizures and free from uses of excessive force. Additionally, Plaintiff alleges Defendants, their employees, and agents violated his Fifth and Fourteenth Amendment rights of due process, while acting under color of law.

32.

Defendants are liable to Plaintiff for reasonable attorneys' fees and costs pursuant to 42 USC §1988.

33.

The nature of the relationship became custodial by virtue of the authority and power of their offices. Defendants' duties included both custodial and protection from a state-created danger. Defendants are not entitled to qualified immunity for these acts, because these rights were already clearly established statutorily and jurisprudentially, at the time of the offenses. *See Ingraham v. Wright,* 430 U.S. 651, 680, 97 S. Ct. 1401, 51 L. Ed. 2d 711 (1977); *White v. Rochford*, 592 F.2d 381 (7th Cir. 1979); *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.,* 489

U.S. 189, 109 S. Ct. 998, 103 L. Ed. 2d 249 (1989); *Bowers v. DeVito*, 686 F.2d 616 (7th Cir. 1982) ("If the state puts a man in a position of danger from private persons and then fails to protect him, it will not be heard to say that its role was merely passive; it is as much an active tortfeasor as if it had thrown him into a snake pit." at 618). Defendants had sufficient notice of the illegality of their conduct.

VI.     **CAUSE OF ACTION UNDER LOUISIANA CODE ARTICLES 2315**

34.

Plaintiff reiterates the allegations of paragraphs 1-33.

35.

At all material times, Defendants, their employees, and/or their agents were acting under color of law and in the course and scope of their employment.

36.

Defendants are also liable to Plaintiff pursuant to La. C.C. art. 2315 for failures, which include but are not limited to the following causes of action/theories of liability:

a. Negligent and/or intentional infliction of emotional distress;
b. Sexual assault/battery;
c. Failure to report a crime;
d. Intrusion on personal integrity;
e. Abuse of official power and authority;

f. Creation of and/or contribution to the dangerous situation involving a substantial risk of harm;

g. Violations involving the special relationship created by the custodial circumstance, supervision, and authority inherent in the activities of the officers as participants, directors, and managers of the Explorer program

h. Deliberate indifference to the safety of Plaintiff and others with knowledge of the potential danger that shocks the conscience;

i. Failure to take obvious steps to avoid or address the known danger over a protracted period of opportunity;

j. Failure to adhere to departmental policies and procedures;

k. Failure to administer policies/procedures;

l. Negligent hiring;

m. Failure to train;

n. Failure to supervise;

o. Creating a situation involving substantial risk of harm;

p. Violation of the special relationship created with officers by children's participation in the New Orleans Police Department's Explorer Program;

q. Failure to terminate;

r. Failing to protect Plaintiff from harm;

s. Failing to have sufficient policies and procedures to prevent abuse of minors by their agents and/or employees, especially those engaged in the Explorer Program;

t. Failing to warn Plaintiff and his family of the risk of sexual abuse by Defendant Moore;

u. Failing to have adequate security measures and policies in effect that would prevent the sexual abuse of a minor by their agents and/or employees, especially minors enrolled in the NOPD's Explorer Program

v. Failing to adequately investigate claims of sexual abuse of minors by their agents and/or employees;;

w. Failing to apply common sense, and negligently exposing minors (particularly, those in the NOPD's Explorer Program) to unreasonably dangerous situations, including the sexual abuse of a minor at the hands of one of their agents and/or their employees;

x. Failing to have sufficient information about its agents and/or employees as to whether they could safely work with their institutions, including the Explorer Program, and around minor children;

y. Failing to provide adequate and appropriate training to its personnel to recognize the risks of sexual abuse of minors by their agents and/or employees;

z. Failing to take any and all acts and/or to act in a way(s) that could have prevented and avoided the sexual abuse described above, which amounts to gross negligence;

aa. Failing to discharge and relieve Defendant Moore of his position and authority when they knew or should have known of his sexual abuse of minors and his deviant proclivities;

bb. Failing to train and educate its employees to identify signs of child sexual abuse by fellow employees;

cc. Failing to limit, supervise, or monitor in any way the activities and programs engaged in by Defendant Moore; and

dd. Failing to routinely screen its agents and employees to avoid the risk of sexual abuse with minors when they knew or should have known of the risks that their agents and/or employees would have or had had improper contact with minor children.

37.

These acts and omissions further constitute gross negligence, as well as a wanton and reckless disregard for the rights and safety of Plaintiff and other similarly situated individuals, rendering Defendants liable to Plaintiff for punitive damages in addition to general and special damages.

38.

These actions and omissions were the result of wanton and reckless disregard for the rights and safety of the Plaintiff through sexual activity with him as a minor, rendering Defendants liable for exemplary damages, in addition to general and special damages under La. C.C. 2315.7.

VII.   **VICARIOUS LIABILITY**

39.

The NOPD is vicariously liable under the doctrine of *respondeat superior*, for the acts of omissions of its employees, including Donald Moore as detailed herein, and others who were under the NOPD's superintendence, control, supervision and direction at all times relevant herein.

## **DAMAGES**

40.

The impact of Defendant Moore's abuse exerted considerable pressure on Plaintiff's emotional and psychological functioning. During the period of the abuse, Plaintiff's school performance worsened. He repeated the 10th grade twice before quitting school and began drinking alcohol to cope with his confusion and distress. Plaintiff's psychological conflicts increased. He began stealing from his family in order to buy alcohol to support his dependency.

41.

Plaintiff has been negatively impacted both physically and emotionally by the trauma of sexual abuse as a child and further impacted by the recovery of memories and re-experience of the original trauma. Though he unconsciously repressed memories of the abuse, its effects dramatically altered the trajectory of Plaintiff's life. Plaintiff's early adulthood was out of control. He suffered and continues to suffer from alcohol dependency, long-standing chronic psychological problems, unstable relationships, and suicidal ideation.

42.

Since July 2019, Plaintiff has unsuccessfully struggled to stop the recovery of memories, which have forced him to re-live the abuse suffered at the hands of Defendant Moore. This has increased the intensity of Plaintiff's distress and has re-activated suicidal thoughts and impulses. Plaintiff continues to have sleep problems, is self-destructive, and has startle reactions. He is frequently anxious and experiences his chest tightening.

43

Defendants' acts and omissions legally and proximately caused Plaintiff physical and chronic and debilitating mental injuries, including, but not limited to, suicidal ideation, posttraumatic stress disorder, major depressive disorder, and generalized anxiety disorder. As a direct result of the above-described negligence, and the abuse at the hands of Defendant, Donald Moore, as a result of the sexual abuse, concealment, and negligence, Plaintiff was damaged physically, spiritually, and psychologically. These psychological injuries include, but are not limited to severe and permanent emotional distress, more fully expressed by his treating physicians.

44.

As a result of these physical and mental injuries, Plaintiff is entitled to recover damages for his past and future physical pain and suffering; his past and future mental anguish; past and future medical expenses; disability; loss and impairment of life's pleasures; loss of enjoyment of life; loss of opportunity; and, lost wages and/or diminution and/or loss of earning capacity, in a total amount to fully compensate Plaintiff and that will be determined at trial.

45.

Defendants are liable to Plaintiff for reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988.

46.

These acts described in paragraph 1-33 further constitute a wanton and reckless disregard for the rights and safety of Plaintiff and other similarly situated individuals, rendering Defendants liable to Plaintiff for punitive damages in addition to general and special damages.

47.

These actions and omissions were the result of wanton and reckless disregard for the rights and safety of the Plaintiff through sexual activity with him as a minor, rendering Defendants liable for exemplary damages, in addition to general and special damages under La. C.C. 2315.7.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, after due proceedings are conducted, Plaintiff prays this Honorable Court enter Judgment in his favor and against Defendant Donald Moore, individually and in his capacity as Lieutenant or employee of the New Orleans Police Department, and against Defendant City of New Orleans, jointly, severally, and in solido for all relief set forth above as well as all costs of this proceeding, judicial interest from date of demand, expert witness fees and all other relief that this Court deems just and fair.

Respectfully submitted:

**KOEPPEL CLARK, LLC**

*/s/ Peter S. Koeppel*
Peter S. Koeppel (#1465)
W. Scarth Clark (#22993)
Meredith A. Cunningham (#26465)
2030 Saint Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 598-1000
Facsimile: (504) 524-1024
psk@koeppelllc.com

        sclark@koeppelllc.com
        mcunningham@koeppelllc.com

*Attorneys for Plaintiff*