```
           UNITED STATES DISTRICT
         COURT EASTERN DISTRICT OF
                 LOUISIANA
```

**MARK CHRISSOVERGES**                                **CIVIL ACTION**

**VERSUS**                                            **NO. 20-1489**

**CITY OF NEW ORLEANS**                               **SECTION "B" (3)**

## ORDER AND REASONS

Before the Court are defendant City of New Orleans's motion for judgment on the pleadings and motion for summary judgment, Rec. Doc. 39, plaintiff Mark Chrissoverges's opposition, Rec. Doc. 44, and defendant's reply, Rec. Doc. 48.

For the reasons discussed below,

**IT IS ORDERED** that the motion for judgment on the pleadings and motion for summary judgment are **DENIED without prejudice to reurge**.

## I. FACTS AND PROCEDURAL HISTORY

The New Orleans Public Safety Explorer program "give youth between the ages of 12-18 an opportunity to explore the fields of law enforcement" through hands-on experience. *Policy 1048 Public Safety Explorers*, New Orleans Police Department Policy Manual at 610. Plaintiff Mark Chrissoverges was sixteen years old when he joined the Explorers in 1982. Rec. Doc. 20 at 6. Lt. Donald Moore, now deceased, was in charge of the Explorers program at that time. *Id.* Plaintiff alleges he suffered from

1

dissociative amnesia stemming from Moore's sexual abuse while he was in the Explorers program. *Id.* at 9. His recollection of memories was triggered in July of 2019 after seeing an image of defendant Stanley Burkhardt, a former NOPD detective who interviewed plaintiff during the criminal investigation of Moore, appear on his television screen. *Id.* NOPD opened an investigation into Moore after plaintiff told a friend about his abuse and the friend reported it to the police. *Id.* at 10.

Burkhardt has since been convicted of several crimes related to possession of child pornography and child molestation and has been in and out of prison since 1987. It appears from a review of court records and the Federal Bureau of Prisons Inmate Locator that Burkhardt most recently failed to comply with the conditions of his conditional release and is currently imprisoned at FCI Butner Medium I in Butner, North Carolina. *See United States v. Burkhardt*, No. 07-2125 (E.D.N.C.); *United States v. Burkhardt*, No. 98-96 (E.D. La.).

Plaintiff recalls that another former NOPD officer, Laird Munsch, participated in the Explorers program and traveled with the Explorers and Moore to a camp in Mississippi. Rec. Doc. 20 at 9. While there, Munsch provided alcohol to plaintiffs and other Explorers. *Id.* However, Burkhardt failed to investigate Munsch and a second unnamed officer who allegedly had knowledge of Moore's crimes. *Id.* at 9-11.

Following the NOPD investigation, Moore was charged and pleaded guilty to three counts of indecent behavior with a juvenile and three counts of contributing to the delinquency of a juvenile. *Id.* at 10. The investigation revealed Moore victimized at least ten boys between 1983-1984. Rec. Doc. 44 at 9. His crimes occurred across Louisiana, Mississippi, and Florida, including in NOPD police cars and vans. *Id.* Moore received five years' probation and a $1,000 fine in 1985. He died in August 2014.[1]

Plaintiff filed his initial complaint against Moore, Burkhardt, and the City of New Orleans in May 20, 2020. He subsequently filed his first amended complaint on June 2, 2020, Rec. Doc. 6, and his first amended supplemental complaint on December 11, 2020. Rec. Doc. 20. In his complaint, plaintiff alleges that the City of New Orleans, its agents, detectives, and employees, while acting under color of law and scope of their employment, violated plaintiff's civil rights under 42 U.S.C. §§ 1983, 1985, and 1988, rights of due process under the Fifth and Fourteenth Amendments, and right to be free of unreasonable search and seizures and use of excessive force under the Fourth Amendment. Rec. Doc. 20 at 19-20. Plaintiff also brings state law claims against defendants pursuant to

---

[1] Defendant Moore was dismissed without prejudice for plaintiff's failure to prosecute. Rec. Doc. 36.

supplemental jurisdiction under 28 U.S.C. § 1367 and diversity jurisdiction under 28 U.S.C. § 1332. Further, plaintiff asserts the City of New Orleans is vicariously liable for the acts of its employees under the doctrine of *respondeat superior*. Rec. Doc. 20 at 25.

The City of New Orleans moved for judgment on the pleadings for failure to state a claim and for summary judgment regarding prescription on April 26, 2021. Rec. Doc. 39. Plaintiff filed an opposition, Rec. Doc. 44, and the city filed a reply. Rec. Doc. 48.

## II. PARTIES' CONTENTIONS

### A. Defendant's Contentions

The City of New Orleans argues that plaintiff's complaint failed to state against the city under § 1983 and must be dismissed Rec. Doc. 39-1 at 6. Defendant asserts that the complaint fails to state a § 1983 claim against the city for three reasons: 1) the city may not be held liable pursuant to a theory of *respondeat superior* or vicarious liability under § 1983 under current Supreme Court precedent; 2) plaintiff fails to identify any specific municipal policy, custom, or practice which was the driving force behind Moore's alleged sexual assault of the plaintiff as a minor back in 1982-1984; 3) plaintiff has not alleged any specific "policy of inadequate training" of NOPD officers or any specific failure to train officers. Rec. Doc. 39-1 at 7. Plaintiffs

4

allegations of "failure to train" are insufficient to state a claim because they are premised on the city's failure to train its officers "not to pursue and sexually abuse minors." *Id.* at 8. The city contends this "merely demonstrates reasonable reliance by the City upon the common sense and shared moral sense of adults not to sexually abuse minors" and not deliberate indifference. *Id.*

Moreover, the City of New Orleans argues the affirmative defense that the plaintiff's claims are barred by prescription and there is no genuine issue as to any material fact since the complaint on its face shows that prescription has run. Rec. Doc. 39-1 at 14. The city asserts that it is entitled to judgment as a matter of law because all actions which plaintiff may have against the city are barred by the applicable prescription of one year under Louisiana Civil Code Article 3492. *Id.* Plaintiff should be barred from invoking the doctrine of *contra non valentem* because it only suspends the running of prescription and cannot revive prescribed claims—like those of plaintiff's in this matter.

**B. Plaintiff's Contentions**

Plaintiff is adamant that he has adequately pled a § 1983 claim against the City of New Orleans. Rec. Doc. 44 at 1. First, plaintiff argues that the official policy of the New Orleans Police Department was to "recruit young boys to join the police department when they came of age" and to minimize juvenile crime. *Id.* Further, an innocuous policy such as this requires only that the plaintiff

establish that such a policy was "promulgated with deliberate indifference to the 'known or obvious consequences' that constitutional violations would result." *Id.* at 4. Plaintiff argues that such a policy lacking "the most elementary safeguards for their safety from sexual abuse by adults" is sufficient to establish a deliberate indifference to their rights and welfare. *Id.* Moreover, plaintiff asserts that evidence produced and discovered supports the allegations that the city had …

> deliberate indifference to the safety of Plaintiff and others with the knowledge of the potential danger that shocks the conscience … failed[ed] to take obvious steps to avoid or address the known danger over a protracted period of opportunity … negligent[ly] hir[ed] … fail[ed] to supervise, creating a situation involving substantial risk of harm and failing to have sufficient policies and procedures to prevent abuse of minors by their agents and/or employees, especially those engaged in the Explorers program.

Rec. Doc. 44 at 8. This evidence includes NOPD's failure to institute safeguards such as preventing isolation of a minor with an adult police officer or forbidding interactions between Explorers and police officers off premises or outside group activities. *Id.* at 12.

Further, plaintiff argues that his father's awareness of his abuse three months before plaintiff reached the age of majority is immaterial to the issue of prescription. Rec. Doc. 44 at 16. Once plaintiff turned eighteen years old, his father could no longer file a suit on his behalf. *Id.* Indeed, plaintiff argues that the doctrine of *contra non valentum* is applicable in this case in that

6

his memories were repressed as a teenager and he filed the instant matter well within the one-year prescriptive period of his recollection of memories triggered by seeing Burkhardt's photo on the news. *Id.* at 18. Plaintiff argues the issue of prescription depends whether he can prove that his memories of the alleged abuse by Moore were true repressed memories. *Id.* at 19.

### III. LAW AND ANALYSIS

#### A. Judgment on the Pleadings Standard

The standard for deciding a Rule 12(c) motion for judgment on the pleadings is the same as a Rule 12(b)(6) motion to dismiss. In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007). The Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." Id. (internal quotations omitted). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed. 2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965. "The court may grant judgment on the pleadings ... where it is beyond doubt that the nonmovant can prove no set of facts in supports of his claim that would entitle him to relief...."

Caletka v. State Farm Mut. Auto. Ins. Co., 936 F.Supp. 380, 381 (W.D. La. 1996).

The scope of liability of municipalities under § 1983 does not extend beyond "their own illegal acts" and the city may not be held vicariously liable for their employees' actions. *Pembauer v. Cincinnati*, 475 U.S. 469, 479, 691 (1986) (citing *Monell v. N.Y.C. Dep't of Soc. Svcs.*, 436 U.S. 658, 665-683 (1978)). To hold the city liable under § 1983—a *Monell* claim— plaintiff must prove that the "action pursuant to official municipal policy" caused their injury. *Monell*, 436 U.S. at 691. The city's failure to train its employees in a relevant respect must amount to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Canton*, 498 U.S. at 388). Only then "can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983. *Id.*

Defendants argue that plaintiff's complaint fails to state a § 1983 claim against the City of New Orleans because he has not alleged any "specific policy of inadequate training" and cannot rely on a claim for inadequate training as the driving force behind sexual abuse of a minor. Rec. Doc. 39-1 at 7. Plaintiff contends that the city distorts his allegations of inadequate training. Rec. Doc. 44 at 7. This court agrees.

The New Orleans Police Department oversaw the Explorers program and recruited youth to participate to learn about the law and prevent juvenile crime. The sexual abuse of children was such a well-known issue even in the early 1980s that NOPD had a Juvenile Sex Crimes Unit— in fact, Stanley Burkhardt was a former commander. Yet, NOPD failed to institute even the most basic safeguards for minor participants in its Explorers program, such as preventing isolation of a minor with an adult police officer or forbidding interactions between Explorers and police officers off premises or outside group activities. NOPD should not have to specifically train their officers *to not commit crimes*, but it does have the responsibility to protect the children within their care via the Explorers program. In hindsight, the number of substantiated allegations against multiple NOPD officers during this time is arguable proof that a basic policy may have been necessary then, but certainly so as a post-remedial measure yet inadmissible as such at trial under the federal rules.

**B. Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as

9

a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). *See also* T*IG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The court should view all facts and evidence in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixson Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006). Mere conclusory allegations are insufficient to defeat summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).

The movant must point to "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. If and when the movant carries this burden, the non-movant must then go beyond the pleadings and present other evidence to establish a genuine issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). However, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d

616, 618 (5th Cir. 1994). "This court will not assume in the absence of any proof that the nonmoving party could or would prove the necessary facts, and will grant summary judgment in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the [non-movant]." *McCarty v. Hillstone Rest. Grp.*, 864 F.3d 354, 357 (5th Cir. 2017).

There is no statute of limitations contained within the language of 42 U.S.C. § 1983. The Supreme Court has directed that 42 U.S.C. § 1988 "requires courts to borrow and apply to all § 1983 claims the one most analogous state statute of limitations." *Owens v. Okure*, 488 U.S. 235, 240 (1989). The Louisiana statute of limitations applicable for actions under § 1983 is Louisiana Civil Code article 3492, which provides a prescription of one year. LA. CIV. CODE ANN. art. 3492.

The parties agree that prescription on plaintiff's claim commenced to run when he was a minor on April 26, 1984—the day NOPD interviewed plaintiff regarding the abuse allegations. It was plaintiff's parents' responsibility to bring suit until he reached the age of majority on July 27, 1984 and then the responsibility would be his. Plaintiffs claims would have prescribed on April 26, 1985, but he did not file his complaint in this court until thirty-five years later on May 20, 2020.

However, the parties disagree on whether the Louisiana jurisprudential exception of *contra non valentem* is applicable in

this case. This exception provides that limitations or prescriptive period does not begin to run, inter alia, where the cause of action is not known or reasonably knowable by the plaintiff, even thought the ignorance is not induced by the defendant. It enables courts to weigh the equitable nature of the circumstances in each individual case to determine whether prescription will be tolled. *See Carter v. Haygood*, 892 So. 2d 1261 (La. 2005). Prescription should be suspended when a plaintiff is effectually prevented from enforcing his rights for reasons external to own will. *Wimberly v. Gatch*, 93-2361, p. 8 (La. App. 4 Cir. 4/11/94), 635 So. 2d 206, 211.

Whether plaintiff can invoke the exception of *contra non valentem* depends on whether plaintiff's memories of his sexual abuse were truly repressed, and if so, when this repression occurred. The city points to parts of plaintiff's deposition that he "made the conscious decision to put the matter out of his mind," but plaintiff's expert supports a diagnosis of repression. This raises a genuine issue of material fact which renders a summary judgment inappropriate at this time, but subject to reconsideration.

New Orleans, Louisiana this 3rd day of June, 2021

_____
Senior United States District Judge