```
              UNITED STATES DISTRICT
              COURT EASTERN DISTRICT OF
                     LOUISIANA
```

**MARK CHRISSOVERGES**                                          **CIVIL ACTION**

**VERSUS**                                                       **NO. 20-1489**

**CITY OF NEW ORLEANS, ET AL.**                                  **SECTION "B"(3)**

## ORDER AND REASONS

Before the Court are defendant City of New Orleans's motion for summary judgment (Rec. Doc. 72), plaintiff's opposition (Rec. Doc. 75), and defendant's reply (Rec. Doc. 78).

For the reasons discussed below,

**IT IS ORDERED** that the motion for summary judgment is **DENIED**.

## I. FACTS AND PROCEDURAL HISTORY

The New Orleans Public Safety Explorer Program gives youth between the ages of 12-18 an opportunity to explore the fields of law enforcement through hands-on experience. Rec. Doc. 20 at 6. Plaintiff Mark Chrissoverges was sixteen years old when he joined the Explorers in 1982. *Id*. At that time, Lieutenant Donald Moore, now deceased, led the Explorers Program. *Id.* Plaintiff alleges that Defendant Moore sexually abused plaintiff when plaintiff was a participant in the Explorers program. *Id.* at 8. The New Orleans Police Department ("NOPD") began investigating Moore after plaintiff told a friend about his abuse and the friend reported it

1

to the police. *Id.* at 10. Former NOPD detective, Stanley Burkhardt, interviewed plaintiff during the criminal investigation of Moore. *Id.* at 9.

Following the NOPD investigation, Moore was charged and pleaded guilty to three counts of indecent behavior with a juvenile and three counts of contributing to the delinquency of a juvenile. *Id.* at 10. The investigation revealed Moore victimized at least ten boys between 1983-1984. Rec. Doc. 44 at 9. His crimes occurred across Louisiana, Mississippi, and Florida, including in NOPD police cars and vans. *Id.* at 8-9. In 1985, Moore was sentenced to five years' probation and a $1,000 fine. *Id.* at 9. He died in August 2014.[1] Rec. Doc. 72-4 at 1.

Plaintiff recalls that another former NOPD officer, Laird Munsch, participated in the Explorers Program and traveled with the Explorers and Moore to a camp in Mississippi. Rec. Doc. 20 at 9. While there, Munsch provided alcohol to plaintiffs and other Explorers. *Id.* However, Burkhardt failed to investigate Munsch and a second unnamed officer who allegedly had knowledge of Moore's crimes. *Id.* at 9-11.

After participating in NOPD's investigation of Moore, plaintiff alleges he blocked the memories of abuse and suffered from dissociative amnesia. *Id.* at 11. In July 2019, plaintiff saw

---

[1] Defendant Moore was dismissed without prejudice for plaintiff's failure to prosecute. Rec. Doc. 36.

2

an image of defendant Stanley Burkhardt appear on his television screen, triggering his memories of sex abuse. *Id.* at 8. Since interviewing plaintiff for the Moore investigation, Burkhardt has been convicted of several crimes related to possession of child pornography and child molestation. *Id.* at 7-8. He has been in and out of prison since 1987. *Id.* Burkhardt is currently imprisoned at FCI Butner Medium I in Butner, North Carolina. *Inmate Locator*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last accessed Oct. 22, 2021).

In May 20, 2020, plaintiff filed his initial complaint against Moore, Burkhardt, and the City of New Orleans. He subsequently filed his first amended complaint on June 2, 2020, Rec. Doc. 6, and his first amended supplemental complaint on December 11, 2020. Rec. Doc. 20. In his complaint, plaintiff alleges that the City of New Orleans, its agents, detectives, and employees, while acting under color of law and scope of their employment, violated plaintiff's civil rights under 42 U.S.C. §§ 1983, 1985, and 1988, rights of due process under the Fifth and Fourteenth Amendments, and right to be free of unreasonable search and seizures and use of excessive force under the Fourth Amendment. Rec. Doc. 20 at 19-20. Plaintiff also brings state law claims against defendants pursuant to supplemental jurisdiction under 28 U.S.C. § 1367 and diversity jurisdiction under 28 U.S.C. § 1332. *Id.* at 4. Further, plaintiff asserts the City of New Orleans is vicariously liable

3

for the acts of its employees under the doctrine of *respondeat superior*. *Id.* at 25.

The City of New Orleans moved for judgment on the pleadings for failure to state a claim and for summary judgment regarding prescription on April 26, 2021. Rec. Doc. 39. Plaintiff filed an opposition, Rec. Doc. 44, and the city filed a reply, Rec. Doc. 48. This Court denied the City's motion on June 4, 2021 without prejudice to re-urge. Rec. Doc. 62. The City of New Orleans filed this instant motion for summary judgment on October 11, 2021. Rec. Doc. 72.

## II.  LAW AND ANALYSIS

### A.  Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). *See also TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court should view all facts and evidence in the light most

favorable to the non-moving party. *United Fire & Cas. Co. v. Hixson Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006). Mere conclusory allegations are insufficient to defeat summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).

The movant must point to "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. If and when the movant carries this burden, the non-movant must then go beyond the pleadings and present other evidence to establish a genuine issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). However, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). "This court will not assume in the absence of any proof that the nonmoving party could or would prove the necessary facts, and will grant summary judgment in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the [non-movant]." *McCarty v. Hillstone Rest. Grp.*, 864 F.3d 354, 358 (5th Cir. 2017).

**B. A Genuine Issue of Material Fact Remains**

The parties agree that without the exception of *contra non valentem*, the prescriptive period on plaintiff's claims extended until April 26, 1985. Rec. Doc. 75 at 4; Rec. Doc. 72-4 at 5. However, the parties still disagree on whether this exception indeed applies. *See* Rec. Doc. 75 at 3, 5; Rec. Doc. 72-4 at 2. *Contra non valentem* provides that a statute of limitations or prescriptive period does not begin to run, inter alia, "where the cause of action is not known or reasonably knowable by the plaintiff," even though the ignorance is not induced by the defendant. *Carter v. Haygood*, 2004-0646, p.11 (La. 1/19/05); 892 So. 2d 1261, 1268. The exception enables "courts to weigh the equitable nature of the circumstances in each individual case to determine whether prescription will be tolled." *Id.* at 1268-69 (internal quotation marks omitted). Prescription should be suspended when a plaintiff is "effectually prevented from enforcing his rights for reasons external to his own will." *Wimberly v. Gatch*, 93-2361, p. 8 (La. 4/11/94), 635 So. 2d 206, 211.

Whether plaintiff can invoke the exception of *contra non valentem* is still a factual question for a jury to decide. After this Court denied the City's prior motion for summary judgment, the City retained an expert who concludes "Mr. Chrissoverges does not meet the criteria for Dissociative Amnesia, with

6

Recovered/Repressed Memory." Rec. Doc. 72-3 at 8. The City believes that this sworn testimony, along with plaintiff's deposition suggesting plaintiff "made the conscious decision to put the matter out of his mind," means that plaintiff's claims are "clearly prescribed." Rec. Doc. 72-4 at 13. Defendant argues "volitional choice to endeavor/choose to not recall the events is not dissociative amnesia." *Id.* Additionally, defendant claims "[n]either the magazine article nor Dr. Shwery's report speaks at all to whether dissociative amnesia or repressed memory prevented Plaintiff from being aware of the operative facts sufficiently to exercise due diligence and file suit." Rec. Doc. 78 at 5.

However, plaintiff's expert and submitted research still support a diagnosis of repressed memory. Rec. Doc. 44-7 at 11; Rec. Doc. 44-6. Plaintiff's submitted article states, "[i]n our study of [child sex abuse] victims who reported periods of complete forgetting, frequently endorsed reasons were that the [child sex abuse] was so horrible and frightful that they pushed it out of their minds." Rec. Doc. 44-6 at 2. In reference to whether plaintiff thought about filing suit against Moore after the abuse investigation, plaintiff testified in his deposition that "after he went to jail, I just forgot about it. I didn't think about it anymore. I didn't talk about it. I didn't think about it." Rec. Doc. 72-2 at 19. Defendants asked whether "that was a conscious decision" plaintiff made to "put it out of [his] mind." Plaintiff

7

replied "yes" and when defendants wondered whether that was because "he didn't like to think about it," plaintiff retorted, "would you?" *Id.* Plaintiff's submitted research article, along with plaintiff's deposition testimony, raises a genuine issue of material fact. The article seems to confirm that after trauma, an abuse victim can push certain events from their mind, causing them to forget what they experienced. Consequently, plaintiff does provide evidence that he suffered from dissociative amnesia, and that the defense of *contra non valentem* could apply. This evidence is bolstered by Dr. Shwery's report explaining that after Moore was arrested, plaintiff's "intense feelings and conflicts led to the coalescing of dissociative amnesia for the abuse and the memories became blocked and faded." Rec. Doc. 44-7 at 5.

In essence, the parties provide dueling expert reports,[2] and moreover, conflicting interpretations of plaintiff's highly questionable testimony regarding whether he suffered from dissociative amnesia, and thus, whether *contra non valentem* applies. Accordingly, a genuine issue of material fact remains,

---

[2] Both parties express concern with the expert testimony provided to support or oppose summary judgment. Defendant claims Dr. Shwery's report is unsworn, and thus, "not appropriate for consideration on summary judgment." Rec. Doc. 78 at 5. Plaintiff asserts that in violation of Rule 26 of the Federal Rules of Civil Procedure, Dr. Bailey's report provides no explanation for concluding that plaintiff does not meet the criteria for dissociative amnesia, does not state his compensation for providing testimony in this case, and does not include a list of all other cases in which the witness testified as an expert at trial or by deposition. Rec. Doc. 75 at 5. The Court recognizes that both parties submitted expert testimony in an improper form, and thus, the Court does not focus on the testimonies' deficiencies. *See Slane v. Reliance Standard Life Ins. Co.*, No. 20-3250, 2021 WL 1401761, at *4 n.4, *5 (E.D. La. Apr. 14, 2021).

8

and summary judgment is not appropriate at this time.[3]

New Orleans, Louisiana this 8th day of December, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] Because genuine issues of material facts remain as to whether *contra non valentem* applies to this case, the Court does not reach the constitutional issue regarding Act 322's R.S. 9:2800.9 amendment.